# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

WEBSTER FIVE CENTS SAVINGS BANK,
Plaintiff

v.

THE M/V "KAY GEE" (Official No. 1055046), Her Engines, Tackle, Machinery, Apparel and Appurtenances, etc., in rem, and THOMAS W. HANNIGAN and JANICE G. HANNIGAN, in personam,
Defendants

C.A. No.

CA 06 428 T

## MOTION FOR THE APPOINTMENT OF A SUBSTITUTE CUSTODIAN

Now comes Plaintiff, Webster Five Cents Savings Bank ("Webster Five"), and, by its attorneys, moves ex parte for an order: (1) Appointing Certified Sales, Inc. ("Certified"), 1 Bay Avenue, Warwick, Rhode Island, as substitute custodian for the arrested vessel, "KAY GEE", and (2) permitting the substitute custodian to take all reasonable steps necessary for the safekeeping of the vessel and to have its fees and expenses to be considered in custodia legis expenses, including costs for:

a. storage of the vessel at a charge of $15.00 per foot per month;

b. obtaining an inventory of the vessel; and

c. other reasonable and necessary undertakings for the preservation, safekeeping, and security of the vessel.

As grounds for this Motion, Plaintiff states the following:

A. This is an in rem action to enforce a maritime lien pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and 46 U.S.C. § 31325, et seq. Plaintiff has filed a Verified Complaint containing a pray for in rem arrest against the vessel

"KAY GEE" in order to secure an outstanding debt in the amount of approximately $65,032.00, plus interest and expenses, owed to Plaintiff on a Preferred Mortgage dated July 31, 2001. A Warrant issued from this Court pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. The Warrant directed the United States Marshal to forthwith arrest the vessel at Certified.

B. Said vessel is located at Certified. Plaintiff herein represents that, as the proposed substitute custodian, Certified can adequately provide for the safekeeping of the vessel during the pendency of this action in lieu of the United States Marshal.

C. The proposed substitute custodian has agreed to assume responsibility for the safekeeping of the vessel. The proposed substitute custodian will provide or arrange for all necessary services including storage and security as necessary. The cost of storage will be $40.00 per foot per six month period. Other necessary services will be billed at fair market rate.

D. Undersigned counsel is informed and believes that the proposed substitute custodian has the facilities to adequately keep the vessel and has liability insurance to respond adequately in damages, loss or injury to the vessel due to any facts, faults, negligence, or omissions by the substitute custodian, more fully described in the Affidavit of the Substitute Custodian.

E. The proposed substitute custodian, in consideration of the United States Marshal's consent to the substitution of custody, agrees to release the United States Marshal and the United States of America from any and all liability and responsibility arising out of the care, custody, or control of the vessel, her gear, fittings, appurtenances, and engines. The proposed substitute custodian further agrees to hold harmless and indemnify the United States Marshal and the United States of America for any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the vessel.

WHEREFORE, Plaintiff requests this Honorable Court to grant this Motion and appoint Certified Sales, Inc., as substitute custodian of Defendant vessel.

Dated: September 28, 2006

WEBSTER FIVE CENTS SAVINGS BANK

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Charles A. Lovell (#4004)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

864547_1/2413-3