RECEIVED
SEP 28 '06
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WEBSTER FIVE CENTS SAVINGS BANK,
Plaintiff

v.

THE M/V "KAY GEE" (Official No. 1055046), Her Engines, Tackle, Machinery, Apparel and Appurtenances, etc., in rem, and THOMAS W. HANNIGAN and JANICE G. HANNIGAN, in personam,
Defendants

C.A. No.

CA 06 428 T

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

Plaintiff, Webster Five Cents Savings Bank ("Webster Five"), by and through its attorneys, Partridge Snow & Hahn LLP, has appeared and made the following recitals:

1. On September 28, 2006, the Verified Complaint herein was filed praying that the vessel "KAY GEE", her engines, tackle, machinery, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto, be arrested to secure Plaintiff's demands and claims for proper relief.

2. On September 28, 2006, the Clerk of the Court issued a Warrant for Arrest of the vessel commanding the United States Marshal for this District to arrest and take into custody Defendant vessel and to detain same in his custody until further order of this Court respecting same.

3. It is contemplated that the United States Marshal will seize Defendant vessel forthwith. Custody by the United States Marshal requires the services of one or more keepers alone and not including charges of wharfage and other services usually associated with safekeeping vessels similar to Defendant vessel. Thus, the Marshal will have to retain the

services of a shipyard or marina in the Warwick, Rhode Island area.

4. Defendant vessel is currently stored at Certified Sales, Inc., 1 Bay Avenue, Warwick, Rhode Island ("Certified"). The proposed substitute custodian by affidavit agrees to assume the responsibility of safekeeping the said vessel and consents to act as its custodian until further order of this Court, all for a sum, including storage and routine services required for safekeeping of the particular vessel, at a rate of $15.00 per foot per month.

5. The proposed substitute custodian, Certified, by affidavit states that it has adequate facilities and supervision for the proper safekeeping of the vessel and that it possesses liability insurance or assets adequate to respond in damages for loss or injury to the Defendant vessel or for damage sustained by third parties due to any acts, faults, or negligence by said substitute custodian. Further, in said affidavit, the proposed substitute custodian accepts, in accordance with the terms of this order, possession of Defendant vessel, her engines, tackle, machinery, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto and belonging, which be the subject of the action herein.

6. The proposed substitute custodian, in consideration of the United States Marshal's consent to the substitution of custody, agrees to release the United States of America and the United States Marshal from any and all liability and responsibility arising out of the care and custody of Defendant vessel, her engines, tackle, machinery, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto and belonging, from the time the Marshal transfers possession of said vessel over to said substitute custodian, and said proposed substitute custodian further agrees to hold harmless and indemnify the United States of America and the United States Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping of the vessel.

This Court, having reviewed Plaintiff's Motion and supporting Affidavit, has

determined that the conditions for appointment of a substitute custodian exist pursuant to the terms of Rule E(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Accordingly, it is hereby:

**ORDERED**: that the United States Marshal for the District of Rhode Island be, and is hereby authorized and directed upon seizure of said Defendant vessel, her engines, tackle, machinery, apparel, furniture, equipment, rigging, and all other necessaries appurtenant thereto and belonging, pursuant to said Warrant of Arrest, to surrender the possession thereof to the substitute custodian named herein, and that upon such surrender the Marshal shall be discharged from its duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims arising whatever out of said substitute custodian's possession and safekeeping of the vessel.

**IT IS FURTHER ORDERED**: that Certified, be, and is hereby appointed the custodian of said vessel to retain the same in its custody for possession and safekeeping for the aforementioned compensation under further Order of this Court.

**IT IS FURTHER ORDERED**: that all expenses for the movement and safekeeping of Defendant vessel shall be deemed in custodia legis expenses of the United States Marshal.

**IT IS FURTHER ORDERED**: that Plaintiff's attorney will serve a copy of this Order upon the owner(s) of Defendant vessel.

Dated at Providence, Rhode Island,
this 29th day of SEPT, 2006.

[signature]

United States ~~District~~ Judge
MAG.

864574_1/2413-3